IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 05-21207 |
| | § | |
| ASARCO LLC, *et al.* | § | Chapter 11 |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

| | | |
|---|---|---|
| ASARCO LLC | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Adversary No. _____ |
| | § | |
| AMERICAS MINING CORPORATION, | § | |
| ASARCO INCORPORATED, LAC | § | |
| D' AMIANTE DU QUÉBEC LTÉE, LAKE | § | |
| ASBESTOS OF QUEBEC, LTD., LAQ | § | |
| CANADA, LTD., CAPCO PIPE | § | |
| COMPANY, INC., CEMENT ASBESTOS | § | |
| PRODUCTS COMPANY, RINKER | § | |
| MATERIALS SOUTH CENTRAL, INC. | § | |
| f/k/a AMERICAN LIMESTONE COMPANY, | § | |
| ENTHONE INC. f/k/a ENTHONE-OMI, INC., | § | |
| EI LIQUIDATION, INC. f/k/a ENTHONE, | § | |
| INCORPORATED, and | § | |
| OMI INTERNATIONAL CORPORATION | § | |
| | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff ASARCO LLC ("ASARCO" or the "Debtor") respectfully files this Complaint for Declaratory and Injunctive Relief (the "Complaint").

### Introduction

1.      As a result of the carry back of certain losses ASARCO's predecessor, ASARCO Incorporated, a New Jersey corporation ("ASARCO NJ"), incurred prior to Grupo Mexico S.A. de C.V.'s ("Grupo Mexico") acquisition of ASARCO NJ in 1999,  ASARCO is entitled to a tax

refund (the "Refund") from the United States Department of the Treasury, Internal Revenue Service ("IRS") estimated at over $40.5 million (plus interest) for taxes ASARCO NJ paid during 1987, 1988, and 1989.  This Complaint seeks a declaration that the Refund is property of ASARCO's bankruptcy estate.  The Complaint also seeks an order that certain former members of a consolidated tax group of ASARCO NJ subsidiaries be (a) directed to designate an agent for tax years 1987, 1988, and 1989 for the sole purposes of receiving the Refund and depositing the proceeds into an escrow account or the registry of the Court pending the Court's resolution of this lawsuit, and (b) prohibited from changing the agent designation without this Court's approval.

## Jurisdiction and Venue

2.      On August 9, 2005 (the "Petition Date"), ASARCO filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.  On April 11, 2005, the following five ASARCO wholly owned direct or indirect subsidiaries filed their voluntary petitions for relief under the Bankruptcy Code in this Court: Lac d'Amiante du Québec Ltée, Lake Asbestos of Quebec, Ltd., LAQ Canada, Ltd., CAPCO Pipe Company, Inc., and Cement Asbestos Products Company (collectively, the "Subsidiary Debtors").  Several of ASARCO's other wholly owned direct or indirect subsidiaries have filed similar petitions for relief in this Court.  All of these bankruptcy cases are collectively referred to as the "Reorganization Cases."

3.      ASARCO remains in possession of its property and is operating its business as a debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.  An official committee of unsecured creditors has been appointed in both ASARCO's and the Subsidiary Debtors' cases.  No trustee or examiner has been appointed in any of the Reorganization Cases.

4.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

5.      The relief sought in this adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157(b).

6.      Venue for this adversary proceeding is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Parties

7.      Plaintiff ASARCO is a Delaware Limited Liability Company and a debtor in these proceedings.

8.      Defendant Americas Mining Corporation, is a Delaware Corporation ("AMC") and can be served with process care of The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

9.      Defendant Asarco Incorporated is a Delaware Corporation ("New Asarco" and with AMC, the "Parent Company") and can be served with process care of The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

10.     Defendant Lac d'Amiante du Quebéc Ltée f/k/a Lake Asbestos of Quebec, Ltd. is a Delaware corporation and can be served with process through its sole officer and director, William Perrell, at 821 Tulip Poplar Drive, Birmingham, Alabama 35244.

11.     Defendant Lake Asbestos of Quebec, Ltd. is a Delaware Corporation and can be served with process through its sole officer and director, William Perrell, at 821 Tulip Poplar Drive, Birmingham, Alabama 35244.

12.     Defendant LAQ Canada, Ltd. is a Delaware Corporation and can be served with process through its sole officer and director, William Perrell, at 821 Tulip Poplar Drive, Birmingham, Alabama 35244.

13.     Defendant CAPCO Pipe Company, Inc. f/k/a Cement Asbestos Products Company is an Alabama Corporation and can be served with process through its sole officer and director, William Perrell, at 821 Tulip Poplar Drive, Birmingham, Alabama 35244.

14.     Defendant Cement Asbestos Products Company is an Alabama Corporation and can be served with process through its sole officer and director, William Perrell, at 821 Tulip Poplar Drive, Birmingham, Alabama 35244.

15.     Defendant Rinker Materials South Central, Inc. f/k/a American Limestone Company ("Rinker") is a Delaware Corporation and can be served with process care of Corporate Creations Enterprises, Inc., 1308 Delaware Avenue, Wilmington, Delaware 19806.

16.     Defendant Enthone Inc. f/k/a Enthone-OMI, Inc. ("Enthone") is a Delaware Corporation and can be served with process care of The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

17.     Defendant EI Liquidation, Inc. f/k/a Enthone, Incorporated ("EI") is a New York Corporation and can be served with process care of CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

18.     Defendant OMI International Corporation ("OMI") is a Delaware Corporation and can be served with process care of  The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## Background

19.     ASARCO has been working to collect the Refund from the IRS for the last four years. The Refund is expected to be approximately $40,479,421, plus interest, thereby making it a substantial cash asset of ASARCO's estate.

20.     ASARCO's Refund is based on tax overpayments made by ASARCO NJ in the 1980's and the carryback of losses ASARCO NJ incurred prior to Grupo Mexico's acquisition of ASARCO NJ in 1999.   Specifically, the Refund is based upon ASARCO NJ's carryback of losses (i) from the consolidated tax years ending December 31, 1994 and 1995 to the consolidated tax year ending December 31, 1987, (ii) from the consolidated tax year ending December 31, 1998 to the consolidated tax year ending December 31, 1988, and (iii) from the consolidated tax year ending December 31, 1999 to the consolidated tax year ending December 31, 1989.

21.     Although at the time the Refund arose ASARCO NJ was the parent of a consolidated tax group consisting of ASARCO NJ and its subsidiaries, which members included the Subsidiary Debtors, Rinker, Enthone, EI, and OMI (collectively, the "ASARCO Consolidated Tax Group"), ASARCO NJ, not the other members of the ASARCO Consolidated Tax Group, made the tax overpayments and realized the losses which give rise to the Refund.

22.     In November 1999, Grupo Mexico acquired all of the common outstanding stock of ASARCO NJ as part of a leveraged buy-out.

23.     More than fifteen years after ASARCO NJ made the tax overpayments giving rise to the Refund,  Grupo Mexico and AMC, for their own tax purposes, caused ASARCO NJ to be merged with and into ASARCO LLC, a newly created Delaware Limited Liability Company, pursuant to an Agreement and Plan of Merger dated February 17, 2005 (the "Merger

Agreement"), a true and correct copy of which is attached hereto as <u>Exhibit A</u>.  AMC contends

that, by effecting the merger, it was able to shift the ownership of the Refund from ASARCO to

the Parent Company.

      24.    Notwithstanding AMC's contention and motives in effecting the merger, the

legal effect of that merger is that ASARCO NJ ceased to separately exist, and ASARCO, not the

Parent Company, succeeded to all of ASARCO NJ's assets (including the Refund) and liabilities.

      25.    To be sure, the Merger Agreement mirrors applicable state law, vesting all assets

and liabilities of ASARCO NJ with and into ASARCO LLC, the debtor and debtor-in-

possession:

> (d)    The Surviving LLC shall thereupon and thereafter possess all the rights, privileges, immunities, powers and franchises, of a public as well as of a private nature, of each of the Constituents, and all property, real, personal and mixed, all debts due on whatever account, including subscriptions to ownership interests and all other choses in action, and all and every other interest of, or belonging to, each of the Constituents shall be taken and deemed to be transferred to and vested in the Surviving LLC without further act or deed; and the title to all real estate, or any interest therein, vested in either of the Constituents shall not revert or be in any way impaired by reason of the Merger.

<u>Exhibit A</u>, Merger Agreement, pp. 2-3, §§ 2.1(d); *See also* Del. Code Ann. tit. 6, § 18-209

(2005).

      26.    The Refund, therefore, belonged to ASARCO NJ prior to the February 2005

merger and (like all other assets of ASARCO NJ) vested, by operation of law, first in ASARCO

LLC under the Merger Agreement, and then in ASARCO's bankruptcy estate under section 541

of the Bankruptcy Code upon ASARCO's bankruptcy filing.

      27.    The United States has been aware of the Refund since approximately 2003 and

has advised ASARCO that the United States asserts a setoff claim against the Refund for

payment of environmental-related debts.  ASARCO has not conceded the validity of the United States' claims, but has agreed to escrow the Refund (when paid) with all rights of both parties reserved.

28.     On July 11, 2006, ASARCO filed a Motion For Entry of Agreed Order Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d) in Regards to Setoff Rights of the United States of America (the "Escrow Motion"), so that ASARCO and the United States could implement the escrow.

29.     Notwithstanding that ASARCO NJ made the tax overpayments which give rise to the Refund, the Parent Company and the Official Committee of Unsecured Creditors of the Subsidiary Debtors (the "Subsidiary Debtors Committee") objected to the Escrow Motion.  The Subsidiary Debtors Committee's objection stems from its belief that it has insufficient information about the facts underlying the Escrow Motion.  In its objection, the Parent Company alleges that it owns the Refund entirely.  The Parent Company maintains that because ASARCO is a limited liability company and a disregarded entity for tax purposes, the Parent Company was able to effect the transfer of the Refund from ASARCO NJ to the Parent Company by implementing the merger.  A hearing on the Escrow Motion has been abated and is not yet set for determination.

30.     Because of the contentions of the Parent Company and the Subsidiary Debtors Committee, the IRS has indicated that it will not deposit the Refund into escrow as planned until (1) ownership of the Refund is resolved and (2) the ASARCO Consolidated Tax Group designates a tax agent for tax years 1987, 1988, and 1989 for purposes of receiving the Refund in accordance with Treasury Regulation § 1.1502-77A(d).

## Count I - Declaratory Relief Pursuant to 28 U.S.C. §§ 2201 and 2202

31.    Paragraphs 1-30 are incorporated by reference as though fully set forth herein.

32.    This is a claim for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and 11 U.S.C. § 105.  An actual controversy has arisen regarding ownership of the Refund.  By this Complaint, ASARCO seeks a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the Refund belongs to ASARCO's bankruptcy estate.

33.    ASARCO NJ made the tax overpayments which give rise to the Refund.  The legal effect of the merger between ASARCO NJ and ASARCO is that the Refund vested in ASARCO, not the Parent Company. The fact that ASARCO is a limited liability company that is a disregarded entity for tax purposes does not matter.  Where the surviving entity in a merger is a disregarded entity, such as the case with ASARCO LLC here, any claim for refund held by the predecessor entity (i.e. ASARCO NJ) vests in the successor disregarded entity (ASARCO LLC). *See* Treasury Regulation § 301.7701-2(c)(2)(iii)(A) and (B).

34.    Until this Court declares that the Refund belongs to ASARCO's bankruptcy estate, ASARCO and its creditors will suffer irreparable harm.  The IRS has refused to release the Refund so long as a question as to ownership exists.  The ownership issues are depriving ASARCO's estate of a valuable asset, thereby impairing ASARCO's ongoing efforts to reorganize under chapter 11.

## Count II - Request For Injunction Pursuant to 28 U.S.C. §§ 2201 and 2202 and 11 U.S.C. § 105

35.    Paragraphs 1-34 are incorporated by reference as though fully set forth herein.

36.    ASARCO requests that this Court enter an order (a) directing the members of the ASARCO Consolidated Tax Group to designate, in accordance with Treasury Regulation §1.1502-77A(d), a tax agent for the tax years 1987, 1988, and 1989 for purposes of receiving the

Refund and depositing the proceeds into an escrow account (or the registry of the Court) pending this Court's determination of ownership, and (b) enjoining such members of the ASARCO Consolidated Tax Group from changing the designated agent without this Court's approval.

37.     Under 28 U.S.C. § 2202, this Court has authority to enter any "necessary or proper relief based on a declaratory judgment . . . ."   Section 105(a) of the Bankruptcy Code further authorizes and empowers the Court to issue any orders that will advance the purposes and goals of the Bankruptcy Code, assist in the orderly and effective administration of ASARCO's bankruptcy case, aid in the preservation of ASARCO's assets, and aid in the promulgation and confirmation of a chapter 11 plan that will maximize recovery to all creditors.

38.     The relief ASARCO requests is necessary to ASARCO's declaratory judgment action and will aid in the preservation of ASARCO's assets and ability to promulgate a chapter 11 plan.   To be sure, even if this Court declares the Refund is property of ASARCO's estate, the IRS has advised ASARCO that it will only release the Refund to a designated agent.

39.     The likelihood of irreparable harm to ASARCO and its creditors if the Court does not grant such an order far outweighs any harm it will cause the ASARCO Consolidated Tax Group.   If the ASARCO Consolidated Tax Group does not designate an agent, the IRS has advised ASARCO that it will not release the Refund.   On the other hand, by designating a tax agent, the IRS will release the Refund into either an escrow account or the registry of the Court, pending this Court's determination of ownership.   The ASARCO Consolidated Tax Group will not be harmed by this relief since the parties will still have the opportunity to prove their legal interest in the Refund.

40.     Nor would the relief ASARCO requests adversely affect the public interest. By paving the way for the IRS to release the Refund and ensuring that it is not paid out to someone

without any legal interest, granting ASARCO's request benefits the public interest, as well as all of the parties.

41.    The injunction ASARCO seeks is reasonably limited in scope, as it only applies to the ASARCO Consolidated Tax Group's designation of an agent for purposes of receiving the Refund.

### Prayer For Relief

WHEREFORE, the Debtor prays that the Court enter judgment in its favor and grant such other relief as is just and equitable under the circumstances.

Dated: February 5, 2007                Respectfully submitted,

**BAKER BOTTS L.L.P.**

_/s/ James R. Prince_
Jack L. Kinzie
State Bar No. 11492130
James R. Prince
State Bar No. 00784791
Romina L. Mulloy
State Bar No. 24037156
2001 Ross Avenue
Dallas, Texas 75201-2980
Telephone:  214.953.6500
Facsimile:   214.661.6503
Email:  _jack.kinzie@bakerbotts.com_
           _jim.prince@bakerbotts.com_
           _romina.mulloy@bakerbotts.com_

and
**BAKER BOTTS L.L.P.**

Tony M. Davis
State Bar No. 05556320
One Shell Plaza
Houston, Texas 77002
Telephone: 713.229.1234
Facsimile:   713.229.1522
Email:    _tony.davis@bakerbotts.com_
and

**JORDAN, HYDEN, WOMBLE, CULBRETH &
HOLZER, P.C.**

Shelby A. Jordan
State Bar No. 11016700
Harlin C. Womble
State Bar No. 21880300
Nathaniel Peter Holzer
State Bar No. 00793971
Suite 900, Bank of America
500 North Shoreline
Corpus Christi, Texas 78471
Telephone: 361.884.5 678
Facsimile:   361.888.5555
Email:   *sjordan@jhwclaw.com*
         *hwomble@jhwclaw.com*
         *pholzer@jhwclaw.com*

**COUNSEL TO DEBTOR AND DEBTOR-IN-
POSSESSION**

**EXHIBIT A**

Feb 17 2005  15:32

# AGREEMENT AND PLAN OF MERGER

## OF

### ASARCO INCORPORATED

### AND

### ASARCO LLC

* * * * *

AGREEMENT AND PLAN OF MERGER, dated this 17th day of February, 2005 (this "Agreement"), by and between ASARCO Incorporated, a New Jersey corporation ("ASARCO NJ"), and ASARCO LLC, a Delaware limited liability company ("ASARCO LLC"). ASARCO NJ and the ASARCO LLC are sometimes hereinafter referred to together as the "Constituents".

## WITNESSETH:

WHEREAS, the Board of Directors of ASARCO NJ and the Board of Directors of ASARCO LLC desire that ASARCO NJ merge with and into ASARCO LLC (the "Merger") pursuant to the terms and conditions of this Agreement and in accordance with Section 14A:10-14 and Section 14A:10-4.1 of the New Jersey Business Corporation Law (the "NJBCL") and Section 18-209 of the Delaware Limited Liability Company Act (the "DLLCA"), and have adopted and approved this Agreement in accordance with Section 14A:10-14 of the NJBCL and Section 18-209 of the DLLCA;

WHEREAS, as of the date hereof, 1,000 shares of Common Stock, par value $0.01 per share, of ASARCO NJ (the "Common Stock") were issued and outstanding, all of which shares voted as a class with respect to the Merger;

WHEREAS, as of the date hereof, ASARCO Incorporated, a Delaware corporation ("ASARCO DE"), is the sole member of ASARCO LLC;

WHEREAS, ASARCO NJ intends to submit to its sole shareholder this Agreement for its approval in accordance with Section 14A:10-3 of the NJBCL and ASARCO LLC intends to submit to its sole member this Agreement for approval in accordance with Section 18-209 of the DLLCA;

NY1:#3579917v5

Feb 17 2005  15:32

NOW, THEREFORE, the Constituents, in consideration of the mutual covenants, agreements and provisions hereinafter contained, do hereby prescribe the terms and conditions of the Merger and mode of carrying the same into effect as follows:

## ARTICLE I
## DEFINITIONS

In addition to the words defined elsewhere in this Agreement, the following words have the following respective meanings, and such definitions shall be equally applicable to both the singular and plural forms of any of the words herein defined:

"ASARCO LLC Limited Liability Company Agreement" means the Limited Liability Company Agreement of ASARCO LLC as in effect on the date hereof.

"ASARCO LLC Board of Directors and Officers" means the persons designated by the ASARCO LLC sole member or the Board of Directors, as the case may be, to manage ASARCO LLC as provided in the ASARCO LLC Limited Liability Company Agreement.

"Person" means an individual, corporation, joint venture, partnership, limited liability company, association, trust, trustee, unincorporated entity, organization or government or any department or agency thereof.

## ARTICLE II
## MERGER

Section 2.1   Effect of the Merger.  Subject to the terms of this Agreement, and as more fully set forth and supplemented by other provisions herein, upon the Effective Date (as defined below) and pursuant to the Merger:

(a) ASARCO NJ will merge with and into ASARCO LLC in accordance with the NJBCL and the DLLCA.  On the Effective Date, the separate existence of ASARCO NJ shall cease and ASARCO LLC shall continue as the surviving Person (the "Surviving LLC").

(b) Each share of Common Stock shall be cancelled and retired and shall cease to exist and no consideration shall be delivered in exchange therefor.

(c) ASARCO DE shall be the sole member of the Surviving LLC.

(d) The Surviving LLC shall thereupon and thereafter possess all the rights, privileges, immunities, powers and franchises, of a public as well as of a private nature, of each of the Constituents, and all property, real, personal and mixed, all debts due on whatever account, including subscriptions to ownership interests and all other chooses in action, and all and every other interest of, or belonging to, each of the Constituents shall be taken and deemed to be transferred to and vested in the Surviving LLC without further act or deed; and the title to all real estate, or any interest therein, vested in either of the Constituents shall not revert or be in any way impaired by reason of the Merger.

NY1:#3379917v5

2

Feb 17 2005  15:32

(e) The Surviving LLC shall be responsible and liable for all the liabilities and obligations of each of the Constituents, and any claim existing or action or proceeding pending by or against either of the Constituents may be prosecuted to judgment as if the Merger had not taken place, or the Surviving LLC may be substituted in its place, and neither the rights of creditors nor any liens upon the property of either of the Constituents shall be impaired by the Merger.

(f) The respective assets of ASARCO NJ and ASARCO LLC shall be taken up or continued on the books of the Surviving LLC in the amounts prescribed by United States generally accepted accounting principles.

(g) All corporate acts, plans, policies, agreements, arrangements, approvals and authorizations of the Constituents or any of their respective shareholder members, officers or directors which were valid and effective immediately prior to the Effective Date shall be taken for all purposes as the acts, plans, policies, agreements, arrangements, approvals and authorizations of the Surviving LLC and to the fullest extent permitted by applicable law, shall be as effective and binding thereon as the same were with respect to the Constituents.

Section 2.2   Articles of Organization and Operating Agreement. (a) The Certificate of Formation of ASARCO LLC shall be and constitute the Certificate of Formation of the Surviving LLC until the same shall be altered, amended or changed in accordance with its respective terms and applicable law.

(b) The ASARCO LLC Limited Liability Company Agreement shall be and constitute the Limited Liability Company Agreement of the Surviving LLC until the same shall be altered, amended or changed in accordance with its respective terms and applicable law.

Section 2.3   Board of Directors and Officers. The ASARCO LLC Board of Directors and Officers prior to the Effective Date shall serve as the Board of Directors and Officers of the Surviving LLC on and after the Effective Date, until new directors have been duly elected and qualified and the new officers appointed pursuant to the ASARCO LLC Limited Liability Company Agreement, or until their earlier resignation, removal or death.

Section 2.4   Employees and Agents. The employees and agents of ASARCO NJ shall become the employees and agents of the Surviving LLC and shall continue to be entitled to the same rights and benefits which they enjoyed as employees and agents of ASARCO NJ and each employee benefit plan of ASARCO NJ is hereby amended accordingly. The Merger shall not be considered to constitute a termination of employment of any employees of ASARCO NJ.

Section 2.5   Shareholder and Member Approval. Immediately following execution of this Agreement, each of ASARCO NJ and ASARCO LLC shall submit this Agreement to its sole shareholder or sole member, as applicable, for approval.

Section 2.6   The Effective Time. Immediately following the approval of the sole shareholder of ASARCO NJ and the sole member of ASARCO LLC, a certificate of merger shall be duly prepared in accordance with Section 14A:10-4.1 of the NJBCL and executed by the Constituents and thereafter delivered to the State Treasurer of the State of New Jersey for filing

NY1:#33799171v5

3

as provided in Section 14A:10-4.1 of the NJBCL (the "NJ Certificate of Merger") and a certificate of merger shall be duly prepared in accordance with Section 18-209 of the DLLCA and executed by the Surviving LLC and thereafter delivered to the Secretary of State of the State of Delaware for filing as provided in Section 18-209 of the DLLCA (the "Delaware Certificate of Merger"). The Merger shall become effective upon the filing of the NJ Certificate of Merger with the of State Treasurer of the State of New Jersey and the Delaware Certificate of Merger with the Secretary of State of the State of Delaware (the "Effective Date").

## ARTICLE III
## COVENANTS

Section 3.1  Further Actions.  Each of the Constituents agrees to use its reasonable efforts to take, or to cause to be taken, all actions and to do, or to cause to be done, all things necessary, proper or advisable to consummate and to make effective the transactions contemplated by this Agreement.

## ARTICLE IV
## CONDITIONS TO MERGER; ADDITIONAL AGREEMENTS

Section 4.1  Conditions to Effectiveness.  The obligation of both parties hereto to consummate the transactions contemplated by this Agreement shall be subject to this Agreement having been approved by the sole shareholder of ASARCO NJ, and the sole member of ASARCO LLC, as required by applicable law.

## ARTICLE V
## AMENDMENTS, TERMINATION AND WAIVERS

Section 5.1  Amendment of Agreement.  This Agreement may be amended, supplemented or modified by action taken by or on behalf of the respective officers or boards of directors, as applicable, of each party hereto at any time prior to the Effective Date, whether prior to or after the required shareholder and member approvals shall have been obtained, but after such adoption and approval only to the extent permitted by applicable law.  No such amendment, supplement or modification shall be effective unless set forth in a written instrument duly executed by or on behalf of each party hereto.

Section 5.2  Termination of Agreement.  This Agreement may be terminated at any time prior to the Effective Date by written agreement of the parties hereto duly authorized by action taken by or on behalf of the officers or boards of directors, as applicable, of each party hereto, notwithstanding prior shareholder and member approval.  No Person shall have any rights or claims against any Constituents or its officers or boards of directors, as applicable, based on the termination of this Agreement.

Feb 17 2005  15:34

## ARTICLE VI
## ADDITIONAL PROVISIONS

Section 6.1  <u>Severability</u>. To the extent possible, each provision of this Agreement shall be interpreted in such a manner as to be valid, legal and enforceable. Any determination that any provision of this Agreement or any application thereof is invalid, illegal or unenforceable in any respect or in any instance shall be effective only to the extent of such invalidity, illegality or unenforceability and shall not affect the validity, legality or enforceability of any other provision of this Agreement.

Section 6.2  <u>Headings</u>. Article and Section headings contained in this Agreement are inserted for convenience and reference only, and shall not be considered in construing or interpreting any of the provisions hereof.

Section 6.3  <u>Entire Agreement</u>. This Agreement supersedes any and all oral or written agreements heretofore made relating to the subject matter hereof and constitutes the entire Agreement of the parties relating to the subject matter hereof.

Section 6.4  <u>Counterparts</u>. This Agreement may be executed simultaneously in two or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

Section 6.5  <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware and to the extent applicable, the laws of the State of New Jersey.

Section 6.6.  <u>Merger Agreement</u>.  A copy of this Agreement is on file at the principal place of business of the Surviving LLC, c/o 2575 East Camelback Road, Suite 500, Phoenix, Arizona 85016 and will be furnished by the Surviving LLC, on request and without cost, to any shareholder or member of any Constituent.

Feb 17 2005  15:34

IN WITNESS WHEREOF, each of the Constituents, pursuant to authority duly given by resolutions adopted by its shareholder and member, as applicable, has caused this Agreement to be executed in its name by its duly authorized representative as of the day and year aforesaid.

ASARCO INCORPORATED

By: _D. E. McAllister_

Name:  Douglas E. McAllister
Title:   Vice President, General Counsel
           and Secretary


ASARCO LLC

By: _D. E. McAllister_

Name:  Douglas E. McAllister
Title:   Vice President, General Counsel
           and Secretary

NY1:#3379917v5